IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GILBERT PEREZ,

                          Petitioner,                                    ORDER

          v.
                                                                         12-cv-92-wmc

WARDEN JEFFREY PUGH,

                          Respondent.

---

State inmate Gilbert Perez has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his conviction for repeated sexual assault of a child in Brown County Case No. 08-CF-83. In four separate grounds for relief, Perez contends that he was denied effective assistance of counsel at his trial. The respondent has filed an answer and Perez was given an extension of time until November 7, 2012, in which to file a brief in support of his claims. To date, Perez has not filed a brief. Instead, he has filed a one-page letter that the court construes as a motion for appointment of counsel. *See* Dkt. 9. The motion is denied at this time for reasons set forth briefly below.

Habeas corpus proceedings in federal court are civil actions for which there is no absolute constitutional right to the assistance of counsel. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further."). A federal habeas corpus court may appoint counsel for a financially eligible petitioner where "the interests of justice so require." 18 U.S.C. § 3006A(g); *Johnson v. Chandler*, 487 F.3d 1037, 1038 (7th Cir. 2007). Appointment of counsel in this context is discretionary "unless denial would result in fundamental unfairness impinging on due process

rights." *Wilson v. Duckworth*, 716 F.2d 415, 418 (7th Cir. 1983) (quoting *LaClair v. United States*, 374 F.2d 486, 489 (7th Cir. 1967)); *Winsett v. Washington*, 130 F.3d 269, 280 (7th Cir. 2007).

Perez has paid the filing fee in this case and he does not allege or show that he is without means to obtain counsel.  He does not otherwise demonstrate that the appointment of counsel is required here.

The allegations of ineffective assistance that Perez presents are not complex and are governed by well-established precedent.  *See Strickland v. Washington*, 466 U.S. 668 (1984) (requiring a petitioner to demonstrate both constitutionally deficient performance by counsel and actual prejudice as a result of the alleged deficiency).  The respondent has provided the appellate record, which contains the last state court opinion to address Perez's claims and briefing filed by the parties with regard to these claims.  *See* Dkt. #6, Exhibit 5, *State v. Perez*, Appeal No. 2009AP2773-CR.  The certificate of service reflects that these records were provided to Perez, meaning that he has access to the arguments that were raised in state court and the governing legal standards.

The record in this case further reflects that Perez has competently represented himself thus far and that he is capable of continuing to litigate his claims.  In that respect, the petition is reasonably articulate, intelligible and neatly printed.  Other than pointing to his status as a pro se litigant, Perez does not allege facts showing that he is unable to submit a simple brief in support of his petition, explaining why he believes the state court's decision is unreasonable or wrong.  Accordingly, the motion for appointment of counsel will be denied.  The court will, however, extend the deadline for Perez to submit a brief should he choose to do so.

ORDER

IT IS ORDERED THAT:

1.  The motion for appointment of counsel filed by petitioner Gilbert Perez, dkt. 9, is

DENIED.

2.  Paragraph 5 of the scheduling order in this case, dkt. 2, is AMENDED as follows.

> (a)  Petitioner shall file a brief in support of his petition within 30 days after entry of this order, namely **not later than January 2, 2013**.  With respect to claims adjudicated on the merits in state court, petitioner must show either that (1) the state court contravened a controlling opinion of the United States Supreme Court; (2) the state court applied a controlling opinion of the United States Supreme Court in an unreasonable manner; or (3) the state court's decision rested upon an unreasonable determination of the facts.  28 U.S.C. § 2254(d).

> (b)  Respondent shall file a brief in opposition within 30 days after petitioner files his initial brief.

> (c)  Petitioner shall have 20 days after respondent files its brief in which to file a reply brief.

3.  Petitioner is admonished that if he does not file a brief as instructed above, then this

case will be placed under advisement and may be dismissed without further notice under Fed.

R. Civ. P. 41(b).

Entered this 3rd day of December, 2012.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge

3